UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANTHONY DALY and ELLEN DALY,          Docket No.:

                                                   Justice:
                              Plaintiff,


                    *-v.-*


THE CITY OF NEW YORK and POLICE OFFICER
JOSEPH BONNER,                   *C O M P L A I N T*

                              Defendants.
------------------------------------------------------------------X

Plaintiffs, by their attorneys, SAKKAS, CAHN & WEISS, LLP, complaining of the defendants herein, respectfully set forth the following:

## I N T R O D U C T O R Y   S T A T E M E N T

1.     The plaintiffs bring this action under 42 U.S.C. §1983 and related state laws seeking compensatory and punitive damages and attorneys fees, under 42 U.S.C. §1988, for the defendants' violation of their rights afforded the plaintiffs by the United States Constitution, the New York Constitution and under the laws of the State of New York.

2.     On December 27, 2009 the defendant POLICE OFFICER JOSEPH BONNER (hereinafter "BONNER"), an employee of the defendant THE CITY OF NEW YORK (hereinafter "CITY"), assaulted the plaintiff ANTHONY DALY while ANTHONY DALY was handcuffed behind his back and while BONNER was leading him from his hotel room.

3.     BONNER'S assault upon ANTHONY DALY was done without probable cause or any other legal or moral justification and caused ANTHONY DALY, among other things, severe personal injuries including a right tibia fibula fracture requiring open reduction internal

fixation surgery with intra medullary rodding so the fractured bones could be reduced to their proper position.

## THE  PARTIES  TO  THIS  ACTION

4.      At all times hereinafter mentioned, the plaintiffs ANTHONY DALY and ELLEN DALY were and still are residents of the County of Middlesex in the Commonwealth of Massachusetts.

5.      At all times hereinafter mentioned, the defendant the CITY was and still is a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

6.      At all times hereinafter mentioned, the defendant the CITY employed and maintained a police force, commonly known as the "New York City Police Department" (hereinafter "NYPD") and employed the individual police officers who comprise the NYPD.

7.      At all times hereinafter mentioned, defendant BONNER was a police officer employed by the CITY as a member of the NYPD.

## J U R I S D I C T I O N   A N D   V E N U E

8.      This Court has jurisdiction over plaintiffs' claims under 42 U.S.C. §1983 pursuant to 28 U.S.C. §1331, which grants the District Courts original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

9.      This Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. §1367 in that the plaintiffs' state law claims are so related to the claims in which this Court exercises original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

10.    Venue in this Court is proper pursuant to 28 U.S.C. §1391(b)(2) in that the Southern District of New York is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

11.    On February 24, 2010, prior to commencement of this action and within 90 days of occurrence herein, the plaintiffs served a *Notice of Claim* in writing, upon the defendant, the CITY, in accordance General Municipal Law §50(e).

12.    On April 21, 2010 a hearing was held pursuant to General Municipal Law §50(h) of the plaintiffs.

13.    This case has not been settled or adjusted.

14.    This action was commenced within one year and ninety days of the occurrence complained of herein that gave rise to plaintiffs' damages and plaintiffs have complied with all of the prerequisites for bringing this action.

### FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

15.    On December 27, 2009 the plaintiffs were asleep in their hotel room at the Hotel Chandler, located at 12 West 31st Street, New York, NY 10016, when BONNER and NYPD police officers knocked on their door and demanded that they open the door.

16.    The plaintiffs opened their door and BONNER advised them that there was a complaint about ANTHONY DALY from patrons in the hotel bar.

17.    ANTHONY DALY told BONNER that he had done nothing wrong, at which point BONNER responded, "No you're the shithead I'm looking for."

18.     Prior to confronting ANTHONY DALY, BONNER had no evidence that ANTHONY DALY had committed a crime.

19.     ANTHONY DALY was never charged with a crime arising out of events that occurred in the hotel bar.

20.     All charges which BONNER, as arresting officer, leveled against ANTHONY DALY arose solely out of the events which transpired when BONNER confronted ANTHONY DALY in his hotel room.

21.     ANTHONY DALY advised BONNER that if BONNER was not going to arrest him, he was going back to bed and started to close the door.

22.     BONNER responded by violently shoving the door open and knocking ANTHONY DALY into his wife ELLEN DALY.

23.     BONNER proceeded to barge into the plaintiffs' hotel room, claiming that he was now arresting ANTHONY DALY for domestic abuse.

24.     BONNER continued to verbally and physically abuse ANTHONY DALY as he placed him in handcuffs while inside the plaintiffs' hotel room.

25.     BONNER escorted ANTHONY DALY into the hallway while ANTHONY DALY was handcuffed behind his back.  Suddenly, and without provocation, BONNER violently kicked and stomped on ANTHONY DALY severely fracturing ANTHONY DALY's right leg and ankle.

26.     The plaintiff ANTHONY DALY was transported by Emergency Medical Services to St. Vincent's Catholic Medical Center (hereinafter "St. Vincent's").

27.     In the Emergency Department at St. Vincent's, and at various times and places after that, BONNER told the medical staff that ANTHONY DALY was a "wife beater." BONNER also told medical staff that ANTHONY DALY was a "tough guy" and didn't need anesthesia when his leg was set.

28.     BONNER stood guard inside ANTHONY DALY's hospital room.

29.     On multiple occasions while BONNER guarded ANTHONY DALY he threatened, intimidated and harassed ANTHONY DALY.  He repeatedly sought a "confession" from ANTHONY DALY; when medical staff were not present BONNER would poke around ANTHONY DALY's leg; BONNER would repeatedly tell ANTHONY DALY that he was a wife beater and should confess to it; BONNER would not allow ELLEN DALY access to her husband; BONNER denied Edgar DeLeon, Esq., ANTHONY DALY's lawyer, access to his client.

30.     Based on the sworn testimony of BONNER, ANTHONY DALY was arraigned and charged with violating Penal Law §205.30, Penal Law 240.20 and Penal Law §240.26.

31.     On February 11, 2010 all charges against ANTHONY DALY were dismissed on motion of the New York County District Attorney before Judge M. Yavinsky in New York County Criminal Court, Part D.

32.     As a result of the aforementioned assault, arrest, false imprisonment and verbal, physical and psychological abuse at the hands of BONNER, ANTHONY DALY suffered and continues to suffer from the physical and psychological injuries inflicted upon him and is incapacitated from many of the activities and enjoyments of his life before encountering BONNER.

## AS AND FOR A FIRST CAUSE OF ACTION SOUNDING IN VIOLATION OF RIGHTS AFFORDED THE PLAINTIFF UNDER THE UNITED STATES CONSTITUTION

33. The plaintiffs repeat and reallege each and every allegation to this point as though fully set forth herein.

34. The defendant BONNER, in arresting, assaulting, confining and verbally, psychologically and physically abusing ANTHONY DALY, was acting under color of state law and such conduct deprived the plaintiff of rights guaranteed him under the United States Constitution in that the conduct was unlawful and without probable cause.

35. BONNER was at all times without legal or moral justification to physically, verbally or psychologically abuse ANTHONY DALY and by engaging in such conduct BONNER violated rights guaranteed to the plaintiff by the United States Constitution.

36. BONNER's conduct in falsely arresting, imprisoning and physically, verbally and psychologically abusing ANTHONY DALY is actionable under 42 U.S.C. §1983.

37. By reason of the foregoing the plaintiff, ANTHONY DALY, has been damaged in a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

## AS AND FOR A SECOND CAUSE OF ACTION SOUNDING IN ASSAULT

38. The plaintiffs repeat and reallege each and every allegation to this point as though fully set forth herein.

39. The aforementioned acts of BONNER in physically abusing ANTHONY DALY constitute an assault.

40.     The CITY is vicariously liable for the acts of BONNER in his assault upon the plaintiff, ANTHONY DALY by virtue of the doctrine of respondeat superior.

41.     By reason of the foregoing the plaintiff, ANTHONY DALY, has been damaged in a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

42.     Further the acts of BONNER in assaulting ANTHONY DALY carry such a high degree of moral culpability that the plaintiffs are entitled to an award of punitive damages against the defendants.

**AS AND FOR A THIRD CAUSE OF ACTION
SOUNDING IN INTENTIONAL INFLICTION
O F   E M O T I O N A L   D I S T R E S S**

43.     The plaintiffs repeat and reallege each and every allegation to this point as though fully set forth herein.

44.     The aforementioned acts of BONNER in verbally and psychologically abusing ANTHONY DALY were intended to, and actually did, inflict emotional distress upon him.

45.     By reason of the foregoing the plaintiff, ANTHONY DALY, has been damaged in a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

46.     Further the acts of BONNER in intentionally inflicting emotional distress upon ANTHONY DALY carry such a high degree of moral culpability that the plaintiffs are entitled to an award of punitive damages against the defendants.

### AS AND FOR A FOURTH CAUSE OF ACTION
### SOUNDING IN FALSE ARREST AND FALSE
### IMPRISONMENT

47.    The plaintiffs repeat and reallege each and every allegation to this point as though fully set forth herein.

48.    The aforementioned arrest and confinement of the plaintiff ANTHONY DALY constituted a false arrest and false imprisonment of the plaintiff ANTHONY DALY by the defendants.

49.    By reason of the foregoing, the plaintiff, ANTHONY DALY, has been damaged in a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

### AS AND FOR A FIFTH CAUSE OF ACTION
### SOUNDING IN DEFAMATION

50.    The plaintiffs repeat and reallege each and every allegation to this point as though fully set forth herein.

51.    The acts of BONNER in telling the medical staff at St. Vincent's that ANTHONY DALY was a "wife beater" constitute a defamation.

52.    By reason of the foregoing, the plaintiff, ANTHONY DALY, has been damaged in a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

-8-

**AS AND FOR A SIXTH CAUSE OF ACTION
SOUNDING IN NEGLIGENT HIRING AND
RETENTION**

53.    The plaintiffs repeat and reallege each and every allegation to this point as though fully set forth herein.

54.    The defendant the CITY, as BONNER's employer, knew or should have known of his violent propensities prior to the occurrence alleged herein.

55.    Had the CITY acted reasonably in reference to its employment of BONNER prior to the occurrence alleged herein, it would have re-trained, re-assigned or terminated its employment of BONNER so he could not menace and injure members of the public in the course of his duties as a police officer.

56.    In failing to take appropriate action the CITY was negligent in its hiring and retention of BONNER.

57.    By reason of the foregoing, the plaintiff, ANTHONY DALY, has been damaged in a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

**AS AND FOR A SEVENTH CAUSE OF
ACTION SOUNDING IN LOSS OF SERVICES
AND LOSS OF CONSORTIUM**

58.    The plaintiffs repeat and reallege each and every allegation to this point as though fully set forth herein.

59.    At all times herein mentioned the plaintiff ELLEN DALY was and still is the wife of the plaintiff ANTHONY DALY

-9-

60.    As a result of the aforesaid occurrence and injuries sustained by ANTHONY

DALY, ELLEN DALY has been deprived of the society, companionship, services, support, and

consortium of her husband and will continue to be deprived of same in the future.

61.    By reason of the foregoing, ELLEN DALY has been damaged in a sum of

money having a present value that exceeds the jurisdictional limits of all lower courts which

would otherwise have jurisdiction of this matter.

**WHEREFORE**, the plaintiffs demand judgment against the defendants CITY and

BONNER in such sums as a jury may find reasonable, fair and just on each and every cause of

action pleaded herein; the plaintiffs further demand judgment for punitive damages in such

sums as a jury may find just under the circumstances; the plaintiffs further demand judgment

against the defendants imposing attorney's fees and the costs of the prosecution of this lawsuit

and for such other, further and different relief that this Court may deem just and proper.

Dated: New York, New York
       June 14, 2010

SAKKAS, CAHN & WEISS, LLP

By: _____

MATTHEW SAKKAS, ESQ.
Attorneys for Plaintiffs
150 Broadway, Suite 1307
New York, N.Y.  10038
Tel:    (212)571-7171
Fax:    (212)571-7174

-10-

UNITED STATES DISTRICT COURT        Docket No.:

SOUTHERN DISTRICT OF NEW YORK      Justice:

ANTHONY DALY and ELLEN DALY,

                        Plaintiff,

       *-v.-*

THE CITY OF NEW YORK and POLICE OFFICER
JOSEPH BONNER,

                    Defendants.

## *C O M P L A I N T*

*SAKKAS, CAHN & WEISS, LLP*
Attorneys for Plaintiffs
150 Broadway, Suite 1307
New York, N.Y.  10038
Tel:(212)571-7171
Fax:(212)571-7174